Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2847 | **DATE** | 3/7/2003 |
| **CASE TITLE** | Prem Lalvani vs. Cook County, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion for Judgment with respect to his due process claims is denied [81-1]. Judgment is entered for the defendant. This case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 12 2003 date docketed | |
| | Notified counsel by telephone. | | | 88 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT 03 MAR 11 PM 1:44 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PREM LALVANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Ronald A. Guzman |
| vs. | ) | |
| | ) | 98 C 2847 |
| COOK COUNTY and | ) | |
| ROBERT COLEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED MAR 1 2 2003

## MEMORANDUM OPINION AND ORDER

This matter was tried August 5-9, 2002, pursuant to remand from the Seventh Circuit Court of Appeals and under Rule 39 of the Federal Rules of Civil Procedure with certain factual matters, i.e., whether or not Plaintiff was a merit employee (and therefore had a protected property interest in continued employment) and whether or not Plaintiff was terminated for cause, submitted to the jury and the legal issue of whether or not Plaintiff received due process reserved for the Court. The jury determined that Plaintiff had merit status under the Health and Hospitals Governing Commission but was not terminated for cause, but rather as a result of the organizational demands of a reduction in the work force instituted by the Cook County Hospital. These factual determinations are binding on the Court in its determination of the remaining issues of law. Plaintiff contends that he did not receive the due process he was entitled to prior to his termination during the implementation of the reduction in force. Plaintiff contends that he "received no pre-termination hearing, and when he inquired about his post-termination rights,



received a letter informing him that he had no rights other than those available to the general public." *Pl.'s Mot. J. Respect Due His Due Process Claims (sic)*, ¶ 4.

Plaintiff argues that while merit employees terminated other than for cause may be accorded less extensive due process rights than if the termination was for cause, ("public employees with a property interest in their jobs can be terminated without full-blown due process hearings if they are properly terminated during a RIF", such employees nevertheless have some due process rights. He cites *Lalvani v. Cook County*, 269 F.3d 785, at 793 (7th Cir. 2001), *Powell v. Jones*, 56 Ill.2d 70, 82; 305 N.E.2d 166 (1973), *Altman v. Health & Hosp. Governing Commi*, 91 Ill.App.3d 498, 504; 414 N.E.2d 1091, (1st Dist. 1980), and *Carston v. Cook County*, 962 F.2d 749 (7th Cir. 1992), in support of this contention.

The court in the *Powell* case found that the plaintiff/employees did have a protected property interest in continued employment by virtue of their certification which was safeguarded by due process guarantees, but then went on to say: "That fact, however, is not in our judgment dispositive of the case, for the requirements of due process are necessarily proportional to the weight of that interest in balancing it against the countervailing interests of society in effective and efficient governmental operation .... The crucial question is whether the same form of protection through procedural due process is constitutionally required for the about-to-be-laid-off employee as is necessary for the about-to-be-discharged employee. We think it clearly is not." *Powell, supra,* 305 N.E.2d at 170-71. With this language the court drew a clear distinction between the rights of employees terminated for cause and the rights of employees laid off by


virtue of what amounted to a reduction in force. The court went on to state:

> In our opinion the plenary hearings urged by plaintiffs to be essential are not required by our State or Federal constitutions in layoff cases, and the right to request reconsideration, request demotion, and request a Commission hearing meets due process standards when considered in the context of the compelling interests of State government in effecting personnel changes for reasons of economy and efficiency. It would be virtually impossible for State government to function without substantial confusion, delay and uncertainty if each certified employee were entitled to receive a plenary hearing prior to a layoff.

*Id.* at 172, Thus, the court refused to find that a plenary hearing prior to a layoff was required.

Plaintiff also cites to *Altman v. Health and Hospitals Governing Commission*, 91 Ill.App.3d 498, 504; 414 N.E.2d 1091, (1st Dist. 1980). In *Altman*, 83 former merit employees of defendant Health and Hospitals Governing Commission of Cook County brought an action seeking reinstatement of employment. Plaintiffs argued that their layoffs were equivalent to discharges and that their expectation in continued employment amounted to a property interest which could not be taken in the absence of a full hearing. Citing *Powell v. Jones, supra*, the court held that although plaintiffs may have a constitutionally-protected property interest in their expected employment, that interest was adequately protected by the hearing provided them. Plaintiffs were afforded an opportunity to challenge the procedure governing their layoffs. Although the scope of that hearing was limited and did not extend to challenges of the Commission's discretionary acts, plaintiffs were entitled to no more.

Defendant maintains that the above case is distinguishable from the instant case because

the issue decided in *Altman* was not posed in this case. In those cases the court recognized that the laid off employees could be afforded hearings in order to be allowed to contest the procedures used in the layoff, but not the justification for such layoffs. While in the case at bar the plaintiff has not challenged the procedures used in the reorganization and subsequent layoffs in the department of social work, but rather has maintained all along that his layoff was a pretext for a "for cause" dismissal. (*See* Am. Compl. ¶ 13). It is for this reason that plaintiff has maintained that a pre-termination hearing is required. Because he challenges solely the defendant's discretionary acts in terminating him and not the procedures used in the reorganization/reduction, the defendant concludes that plaintiff is not entitled to a pre-termination hearing. We agree.

We also find that the process plaintiff was given with regards to what he terms as his post-termination rights was sufficient. Plaintiff now complains about the lack of due process afforded him with regards to what he refers to as his post-termination rights. (Pl.'s Mot. J. Respect Due His Due Process Claims (sic), ¶¶ 4, 7.) Plaintiff claims that 55 ILCS 5/3-14024 protects civil service employees such as himself from layoffs and that he was entitled to a due process hearing with regards to this property right as well. We disagree. 55 ILCS 5/3-14024 states:

> **5/3-14024, Lay-Offs,** Whenever it becomes necessary through lack of work or funds, or whenever a position is abolished and the number of employees in a department must be reduced, the employee shall first be laid off who has the lowest seniority in the grade and department in which the reduction is to be made, except in the classification of laborer, where candidates are not listed according to their relative proficiency as provided in Section 3-14020, and where the employment is on a seasonal or "as required" basis, the performance on the job of the employee shall be

4

considered rather than seniority.

We first note that the plaintiff's rights under this statute have not been violated. The evidence adduced at trial is clear that all employees in his grade in his department were laid off. Therefore, plaintiff cannot complain that, being the most senior in the grade in his department he should not have been laid off.

Nor does this statute provide for any right to "bump" or replace a worker in a lower grade. On the contrary, the statute limits itself to defining the plaintiff's seniority rights with respect to other workers of the same grade in the same department. Further, as noted above, the jury has determined that this was in fact a bona fide reduction in force termination and not a discharge as a result of an individualized decision. Therefore, there is no automatic right to a hearing, and plaintiff did not request a hearing with regards to "bumping rights". In his argument plaintiff also references Section 4 (11) of the Cook County 1992 Ordinance regarding layoffs. In his Amended Complaint, however, plaintiff complains only of the loss of his protection against layoffs under 55 ILCS 5/3-14024 (Counts IV and VII) and removal for cause under 55 ILCS 5/3-14023 (Counts V and the VI). Nowhere does he allege a deprivation of his procedural layoff rights under the Cook County Ordinance or of any "bumping rights" from any other source. Nor has he cited any rule, regulation, or statute granting him any such "bumping rights".

As pointed out in *Lalvani v. Cook County*, 269 F.3d at 793, the determination of the due process plaintiff was entitled to in connection with his termination is a question of federal law to

be resolved by applying the balancing test articulated in *Matthews v. Eldridge*, 424 U.S. 319, 334 (1976). The Supreme Court in *Matthews* held that due process is flexible and varies depending on the circumstances. 424 U.S. at 334. The Seventh Circuit in *Lalvani* stated that the flexible approach requires a balancing of the significance of the private interest and the risk of its erroneous deprivation under the state's procedures against the probable benefits of additional process and the state's interest in avoiding the fiscal and administrative burdens of such additional process. 269 F.3d at 793.

The significance of the private interest in the case at bar, the employees interest in continued employment, is reduced because termination due to a reduction in force carries with it no stigmatization, no allegation of wrongdoing, misbehavior, or poor performance. *UDC Chairs Chapter, Am. Asssoc. of Univ. Professors v. Bd. of Trustees,* 56 F.3d 1469, 1474 (D.C. Cir. 1995). The evidence at trial established that the factors considered in the case at bar, were on the whole relevant to the structure and purpose of the organization and not individualized considerations about the plaintiff himself, or other such workers. The decision to reduce the workforce was required by the move to a new facility and a change in the manner in which services would be provided. Furthermore, determinations about the best manner in which to spend limited funds in order to attain the goals of the organization are not to be second guessed by the courts, even though the decisions made might seem flawed from the plaintiff's point of view. The evidence showed that defendant made a determination to save money by eliminating Social Worker IV positions in a top heavy administration which no longer needed a cadre of supervising personnel in order to carry out its primary function of providing services to patients.

Social Worker IV positions, involving an element of supervision, were, of course, among the higher paid positions in social work. The determination to eliminate these positions while retaining the lower paid positions more directly involved with the delivery of services to patients is a judgment call best left to those who were placed in charge of making such policy determinations on behalf of the organization. Employers have a legitimate interest in executing policy - including an orderly and efficient reduction in force. To impose a hearing requirement as to plaintiff's post termination rights under the circumstances of this case would, we feel, unduly impede the ability of the defendant to timely and efficiently change the structure and shape of its organization so as to quickly respond to the new challenges with which it was faced. We therefore conclude that a hearing was not required.

Plaintiff did receive notice and a right to assert his seniority and "bumping" rights. He availed himself of this process and received a response from the defendant.

> Lalvani received a letter from Barbara Penn, the CCH Director of Human Resources, bluntly telling him that his position had been eliminated "due to a decrease in budgeted funds for certain departments." The letter went on to say that if his position was Civil Service certified he might be entitled to certain bumping and recall rights and that he should direct any questions to the Department of Human Resources. Lalvani followed that advice and sent a letter requesting clarification of his rights. Penn responded in a return letter that "[y]our position, a Medical Social Worker IV, was not covered by a collective bargaining agreement with the County or Civil Service Certified. Therefore, you do not have ... bumping rights to the next lower grade nor recall rights. In addition there were no other employees least [sic] senior to you in your job classification that were not affected in the reduction in force."

7

*Lalvani*, 269 F.3d at 788. Plaintiff argues that this determination, because he was in fact Civil Service Certified, was in error. It is not clear that the rationale for the conclusion in this letter from Barbara Penn, to wit, that plaintiff was not Civil Service Certified was in error. Under the Civil Service rules that were in effect in Cook County in 1996, Civil Service Status did not extend to Social Worker IV employees like Lalvani. *Lalvani*, 269 F.3d at 791. Plaintiff's rights spring from his merit status under the old Health and Hospitals of Governing Commission and the County's obligation to recognize that status. This does not mean that plaintiff's rights are coterminous with the civil service rights in existence at the time of his termination. Were it so, he would have no civil service protection whatsoever. At any rate, Ms. Penn's conclusion is correct. Since all Social Worker IV positions in his department had been eliminated, there was no one left for plaintiff to "bump". Nor do we believe that the record reflects plaintiff had any "bumping" rights as to other employees lower in grade. Certainly 55 ILCS 5/3-14024 does not establish any such rights, and aside from the mention of the possibility of such rights for some Civil Service Certified employees in the Barbara Penn letter, (possibly under some collective bargaining agreement provision) no evidence of any regulation, custom or statutory provision has been presented. But even if plaintiff is correct and Ms. Penn was in error, he was nevertheless given a process by which to raise his concern about his rights as a civil service employee terminated in a reduction in force. That the process did not involve a hearing is not dispositive. He was not entitled to such a hearing. Plaintiff availed himself of the process by writing to Barbara Penn and requesting a clarification of his rights. The response he received from Barbara Penn indicates that his request for a clarification of his rights was fully considered and responded to. It is clear from the Penn letter that all of his possible rights under either the collective

bargaining agreement or the civil service statutes were considered and rejected. This is all he is entitled to. To require an actual hearing under these circumstances would result in a significant impediment to the institution of a budget driven reduction in force by a state agency; an impediment that would not be justified either by the significance of the private interest involved or the additional benefits of such an added procedure.

For the reasons given above, plaintiff's Motion For Judgment With Respect to His Due Process Claims is denied. Judgment is entered for the defendant. This case is hereby terminated.

**SO ORDERED**                                          ENTERED: 3-7-03

*Ronald A. Guzman*
HON. RONALD A. GUZMAN
**United States Judge**